IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| SYDNEE SIMPKINS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 1:20-CV-82 (LAG) |
| | : |
| LEE-ANNE MITCHELL, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

**ORDER**

Before the Court is the Parties' Joint Motion for Approval of Settlement (Doc. 5). Therein, the Parties seek the Court's approval of their proposed Fair Labor Standards Act (FLSA) settlement agreement and dismissal of this case with prejudice. For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND**

Plaintiff Sydnee Simpkins brought this action against Defendants Lee-Ann Mitchell and Companion Animal Hospital on March 6, 2020, alleging FLSA claims for failure to pay overtime wages and retaliation and a state-law claim for fraudulent misrepresentation. (Doc. 1.) Defendants waived service on May 11 and have not yet answered the Complaint. (Doc. 4; *see generally* Docket.)

On June 30, the Parties filed the instant Motion and their Proposed Settlement Agreement and Release. (Docs. 5, 5-1.) Therein, the Parties represent that after a review of payroll documents, time records, and other evidence, they agreed to settle Plaintiff's claims. (Doc. 5 ¶¶ 3–4.) In the Proposed Agreement, Defendant has agreed to pay Plaintiff a total settlement amount of $6,000.00. (Doc. 5-1 at 3.) Of this amount, Plaintiff will receive $3,000.00—less applicable payroll taxes and withholding—for unpaid wages and overtime compensation, and $3,000.00 as consideration for dismissal of Plaintiff's claim for liquidated damages. (*Id.*; Doc. 5 ¶¶ 8–0.) Finally, Plaintiff's counsel is to be paid $19,000.00 for attorney's fees and costs. (Doc. 5-1 at 3; Doc. 5 ¶ 10.)

**DISCUSSION**

The Eleventh Circuit has explained that claims for unpaid back wages under the FLSA may only be settled or compromised (1) when the Department of Labor supervises the payment of back wages or (2) when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–55 (11th Cir. 1982). Here, the Parties seek to have the Court enter a stipulated judgment. Before approving an FLSA settlement, the Court must review the proposed agreement to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355; *see also Nall v. Mal-Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013) (holding that the *Lynn's Food Stores* requirement of judicial approval of proposed FLSA settlement agreements also applies to settlements between former employees and employers). If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

**I.  Bona Fide Dispute over FLSA Provisions**

The Court must first determine whether there is a bona fide dispute. Plaintiff bring claims under 29 U.S.C. § 216(b) for violations of unpaid overtime requirements of 29 U.S.C. §§ 206–07. Section 206(a) requires employers to pay employees wages for hours worked. Section 207(a) requires employers to compensate employees for hours worked in excess of forty hours per week at a rate of 1.5 times the employee's regular wage. The Parties dispute whether Plaintiff is entitled to unpaid wages and overtime compensation under the FLSA, whether Plaintiff is exempt from the FLSA overtime provisions, how many hours Plaintiff worked, and whether Plaintiff would be entitled to liquidated damages. (Doc. 5 ¶ 2.) Accordingly, there is a bona fide dispute, and the Court must determine whether the Proposed Agreement is a "fair and reasonable" compromise. *Lynn's Food Stores*, 679 F.2d at 1355.

**II.  Fair and Reasonable Settlement**

In reviewing a proposed FLSA settlement agreement of a private claim, the Court "must 'scrutinize[ ] the settlement for fairness,' and determine that the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Webb v. CVS Caremark Corp.*, 2011 WL 6743284, at *3 (M.D. Ga. Dec. 23, 2011) (quoting *Lynn's Food Stores*, 679 F.2d

at 1353, 1355). The Eleventh Circuit has held that district courts have the discretion to reject a proposed FLSA settlement as "unreasonable based on non-monetary terms such as confidentiality provisions and general releases." *Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013); *see also, e.g.*, *Anthony v. Concrete Supply Co., Inc.*, 2017 WL 5639933, at *2 (N.D. Ga. Aug. 23, 2017) (denying approval of settlement agreement because of confidentiality provision); *Guerra v. Flores*, 139 F. Supp. 3d 1288, 1292 (N.D. Ala. 2015) (holding proposed FLSA settlement agreement filed under seal for *in camera* review was unreasonable); *Webb*, 2011 WL 6743284, at *3 (denying approval of FLSA settlement because confidentiality and pervasive release provisions were unreasonable). Thus, the Court must conduct an independent analysis of the proposed settlement agreement, including its non-monetary provisions.

### A. Settlement Amount

The financial terms of the Proposed Agreement represent a fair and reasonable compromise of the class's claims. Pursuant to the Proposed Agreement, the total compensation to Plaintiffs is $6,000.00—$3,000.00 for back wages and $3,000.00 to compromise her liquidated damages claim. The Parties explain that payroll and time records show that Plaintiff would receive full recovery including liquidated damages. (Doc. 5 at 8.) In light of the existence of a bona fide dispute, Plaintiff's satisfaction with the Proposed Agreement, and the fact that the settlement amount would fully compensate Plaintiff for back wages and liquidated damages that payroll and time records indicate she is owed, the Court finds that the total settlement amount represents a fair and reasonable compromise of Plaintiff's claims.

### B. Release Provision

While the financial provisions of the Proposed Agreement are fair and reasonable, the release provision is not. Courts generally will not approve broad, so-called "pervasive releases" of claims in exchange for settlement of a plaintiff's FLSA claims alone. *Nichols v. Dollar Tree Stores, Inc.*, 2013 WL 5933991 at *3 (M.D. Ga. Nov. 1, 2013) (holding that such "pervasive releases" are "inherently unfair"). "[A]n employer is not entitled to use a FLSA claim . . . to leverage a release from liability unconnected to the FLSA." *Webb v. CVS Caremark Corp.*, 2011 WL 6743284, at *3 (M.D. Ga. Dec. 23, 2011) (quoting *Moreno v. Regions Bank*, 729 F. Supp. 2d

3

1346, 1351 (M.D. Fla. 2010)). Such blanket releases are disfavored because plaintiffs must essentially release innumerable claims of unknown value to settle a single FLSA claim, thereby "confer[ring] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno*, 729 F. Supp. 2d at 1352. Courts also disfavor pervasive release provisions that apply not only to the defendant employer but also its subsidiaries or affiliates where there is no "information as to how many affiliates or subsidiaries exist" because there is no way to accurately "determine the scope of [the] release . . . ." *Lee v. Guyoungtech USA, Inc.*, 247 F. Supp. 3d 1257, 1267 (S.D. Ala. 2017).

The Proposed Agreement's release provision requires Plaintiff to waive all claims against Defendants and Defendant's

> past, present, and future parents, related and affiliated companies and subsidiaries, and each of their respective past and present officers, directors, employees, managers, agents, employee benefit plans, benefit plan fiduciaries, representatives, principals, owners, shareholders, heirs, executors, administrators, attorneys, accountants, insurers, reinsurers, predecessors, successors, and assigns (collectively, "Released Parties") from any and all actions and causes of actions . . . arising out of [Plaintiff's] employment with Released Parties for injuries or damages known or unknown, which have been, and which hereafter may be sustained by [Plaintiff], or by any other persons claiming through her, whether or not they are named or referred to herein . . . .

(Doc. 5-1 at 2.)

Additionally, the Proposed Agreement requires Plaintiff to release the Released Parties from

> All claims or actions related to (a) [Plaintiff's] claims for damages, injunctive relief and attorney fees for violations of the Fair Labor Standards Act; (b) any common law or statutory claims which were asserted or could have been asserted against the Released Parties in the Lawsuit, or which arise or relate to [Plaintiff's] employment with the Released Parties; and (c) any claims for claims for attorney fees or costs against the Released Parties, which accrued prior to the execution of this Settlement Agreement and Release.

(*Id.* at 3.)

These release provisions are the type of pervasive release disfavored by courts. Thus,

4

the Court cannot approve the Proposed Agreement with the release language as currently set forth.

### III. Attorney's Fees

Finally, the Court considers the reasonableness of the Proposed Agreement's attorney's fees. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam). The Court can, however, approve a proposed settlement without separately considering the reasonableness of attorney's fees when the settlement (1) "constitutes a compromise of the plaintiff's claims," (2) "makes full and adequate disclosure of the terms of settlement, " and (3) "represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff . . . ." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Here, as discussed above, with the exception of the release provision, the settlement represents a fair compromise of Plaintiff's claims, and the Parties fully disclose the terms of the settlement and the negotiation process in reaching that settlement. (Doc. 5 at 1–5, 7–8.) Furthermore, the Parties separately negotiated the settlement of Plaintiffs' claims and attorney's fees. (*Id.* at 4.) Accordingly, the award of attorney's fees is appropriate.

### CONCLUSION

For the reasons stated above, the Parties' Joint Motion for Approval of Settlement (Doc. 5). is **DENIED**. By **Thursday, August 6, 2020**, the Parties may move for this Court's approval of an amended proposed settlement agreement in accordance with this Order.

**SO ORDERED**, this 16th day of July, 2020.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**